IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JIMMY ZAVALA,

            Plaintiff,

v.

J. WATERMAN, DEPUTY WARDEN WINKLESKI,
KARTMAN, MS. SUTTER, KOOL, ANDERSON,
NP MCARDLE, and L. ALSUM,

            Defendants.

ORDER

18-cv-331-jdp

---

Plaintiff Jimmy Zavala, appearing pro se, is an inmate at the Wisconsin Secure Program Facility. He brings this lawsuit against defendant prison officials who he says failed to properly treat him after he injured his back working at his prison job. Seven of the eight defendants answered the complaint. Defendant Sandra McArdle, who the state says worked for a private company contracted to provide medical services at the prison, did not. The clerk of court entered default against her. In a June 21, 2018 order, I stayed a ruling on Zavala's motion to enter default judgment against McArdle pending resolution of his other claims.

Defendant McArdle has filed a motion to set aside the default under Federal Rule of Civil Procedure 55(c). Dkt. 29. "A party seeking to vacate an entry of default prior to the entry of final judgment must show: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (quoting *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)). I must liberally apply this standard, as the Court of Appeals for the Seventh Circuit favors trial on the merits over default judgment. *Id.* at 631 (citing *Sun*, 473 F.3d at 811).

McArdle says that the same day she was served with the complaint, she talked to someone at her company who told McArdle to send her the summons and complaint so that she could forward it to the company's legal department to obtain counsel for her. McArdle forwarded the complaint, so she assumed that the matter had been handled. She was surprised to hear about the entry of default, and she filed her motion to vacate the default and a proposed answer within days after being notified. Zavala filed a belated response to the motion that does not address McArdle's arguments. I conclude that McArdle's honest mistake here is good cause, and that she took quick action to correct the problem. Additionally, McArdle has pleaded several plausible affirmative defenses. Accordingly, in in the interests of reaching the merits of the dispute, I will set aside the clerk's entry of default.

McArdle has already filed her proposed answer, and she has received the court's preliminary pretrial conference order, so she appears to be up to speed. The case will proceed against all defendants under the terms of the preliminary pretrial conference order.

ORDER

IT IS ORDERED that:

1. Defendant Sandra McArdle's motion to set aside her default, Dkt. 29, is GRANTED.

2. The clerk's entry of default against defendant McArdle, Dkt. 26, is SET ASIDE.

Entered August 3, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge