IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JIMMY ZAVALA,

                      Plaintiff,

  v.

J. WATERMAN, DEPUTY WARDEN WINKLESKI,
KARTMAN, MS. SUTTER, KOOL, ANDERSON,
NP MCARDLE, and L. ALSUM,

                      Defendants.

ORDER

18-cv-331-jdp

---

      Plaintiff Jimmy Zavala, appearing pro se, is an inmate at the Wisconsin Secure Program Facility. He brings this lawsuit against defendant prison officials who he says failed to properly treat him after he injured his back working at his prison job. Zavala has filed a motion for the court to order prison officials to let him use funds from his release account to make payments of his filing fee and to pay for legal supplies. Dkt. 45. The Prison Litigation Reform Act requires prison officials to use a prisoner's release account to satisfy an initial partial payment of the filing fee if no other funds are available. *See* 28 U.S.C. § 1915(b)(1); *Carter v. Bennett*, 399 F. Supp. 2d 936, 936–37 (W.D. Wis. 2005). But with the exception of such initial partial payments, this court does not have the authority to tell state officials whether, and to what extent, a prisoner should be able to withdraw money from a release account. So I will deny this motion.

      Zavala has also filed a motion for appointment of counsel. Dkt. 53. I will deny his motion for now. Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C.

§ 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). To show that assistance in recruiting counsel is necessary, this court generally requires that a pro se plaintiff: (1) provide the names of at least three lawyers who have declined to represent him in this case; and (2) demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it. *Id*. at 655; *see also Young v. Cramer*, No. 13-cv-077, 2013 WL 5504480, at *2 (W.D. Wis. Oct. 3, 2013). Zavala say that he has contacted three lawyers, but he provides only one rejection letter, and he does not provide the names of the other attorneys he contacted. If I thought that recruiting counsel was otherwise appropriate, I would first make Zavala explain what other lawyers he contacted.

But I will deny Zavala's motion because he fails to show that the legal and factual difficulty of the case exceeds his ability to prosecute it. He states that the case will involve complex medical issues, but it is too early to tell whether that will be the case. In particular, the case has not even passed the relatively early stage in which defendants may file a motion for summary judgment based on exhaustion of administrative remedies, which often ends up in dismissal of cases like this one before they advance deep into the discovery stage of the litigation.

So I will deny Zavala's motion. As the case progresses, if he continues to believe that he is unable to litigate the lawsuit himself, then he may renew his motion, but he will have to explain what lawyers he has contacted, and what specific litigation tasks he cannot perform himself.

ORDER

IT IS ORDERED that:

1. Plaintiff Jimmy Zavala's motion regarding use of his release-account funds, Dkt. 45, is DENIED.

2. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 53, is DENIED without prejudice.

Entered October 9, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge