IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JIMMY ZAVALA,

                Plaintiff,

v.

J. WATERMAN, DEPUTY WARDEN WINKLESKI, KARTMAN, MS. SUTTER, KOOL, ANDERSON, NP MCARDLE, and L. ALSUM,

                Defendants.

ORDER

18-cv-331-jdp

---

Plaintiff Jimmy Zavala, appearing pro se, is an inmate at Wisconsin Secure Program Facility. He alleges that defendant prison officials failed to properly treat him after he injured his back working at his prison job. He brings claims under the Eighth Amendment and Wisconsin negligence law.

Defendant Sandra McArdle has filed a motion for summary judgment alleging that Zavala failed to exhaust his administrative remedies, and both McArdle and the remaining defendants (all of whom are represented by the state) have filed motions for summary judgment on the merits. Zavala has filed two motions to amend his complaint, and a motion that he styles as one to dismiss defendants McArdle and Jolinda Waterman as a sanction for their alleged perjury in support of their summary judgment motions.

A. Motions to amend complaint

Zavala has filed two motions to supplement or amend his complaint to add claims against several of the defendants for knowingly sending him to an off-site MRI scan despite knowing that he has metal rods in his back. Dkt. 69 and Dkt. 98.

These are not proper motions to supplement his complaint under Federal Rule of Civil Procedure 15(d) because Zavala says that the MRI happened in July 2016, well before he filed his complaint. *See* Rule 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." (emphasis added)).

I can still consider his motions to be ones to amend the complaint under Rule 15(a)(2). Although I "should freely give leave [to amend] when justice so requires" under this rule, I conclude that it would be inappropriate to permit Zavala to expand the scope of his lawsuit this far into the litigation. He filed his first motion to supplement in late October, only two weeks before the dispositive motions deadline, and he filed his second motion on November 19, after the dispositive motions deadline. And these allegations are based on defendants' actions in July 2016, more than two years before the amendments. So Zavala could have amended his complaint much earlier, or even included these allegations in his original complaint. This undue delay is reason to deny the motion because defendants would be prejudiced by halting the progress of the case to redo summary judgment.

Zavala suggests that he should be allowed to file these late amendments in part because the court granted defendant McArdle's requests to extend her deadline to file an exhaustion-based summary judgment motion. But McArdle's extensions were warranted given the difficulties she encountered in receiving Zavala's medical records, *see* Dkt. 49 and Dkt. 55. And in any event, Zavala was not prejudiced by those delays because the exhaustion deadline is meant to provide defendants with a chance to resolve the case without having to fully litigate the merits. Here, Zavala's proposed amendments would indeed prejudice his opponents, so I will deny his motions.

This is not to say that Zavala is forbidden from using evidence about injuries or pain caused by the metal as he litigates his claims about the lack of adequate treatment he received for back pain. He alleged that he was in constant pain for years, so part of his lawsuit is already about defendants' treatment of that longer-term pain. But he will not be able to proceed directly on claims that defendants subjected him to an MRI despite knowing he has metal rods in his back.

Zavala also asks the court to include the Wisconsin Injured Patients and Families Compensation Fund as a defendant, because it "is the supplemental insurer for defendants." Dkt. 94. The state responds that is takes no position on the motion because the state indemnifies current and former employees for all claims arising in the scope of their employment. That leaves defendant McArdle, who worked for a company contracted by the state to provide medical care at WSPF. I will give her a final chance to respond about whether Zavala's proposed amendment is appropriate.

**B. Exhaustion**

Defendant McArdle has filed a motion for summary judgment based on Zavala's alleged failure to exhaust his administrative remedies with regard to his claims against her. Zavala's claims concern the lack of proper medical treatment following his March 2016 accident. Zavala's claims against McArdle concern his interactions with her in April and May 2017. McArdle says that Zavala never filed a grievance specifically about her care.

But Zavala did file other grievances about what he believed was a long-term denial of adequate care for his back. *See* Dkt. 60-2 and Dkt. 60-3. The grievance examiner rejected one as duplicative, and Zavala fully exhausted the other. A prisoner need not name any particular defendant in a grievance to properly exhaust his claim. *Jones v. Bock*, 549 U.S. 199, 219 (2007).

And a prisoner's grievance about a continuing adverse living condition can reach both forward and backward to exhaust the entirety of his claim. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). Zavala was not required to mention each specific instance of misconduct by prison officials in discussing his long-term lack of adequate treatment, so I will deny McArdle's motion for summary judgment on exhaustion grounds.

**C. Remaining motions**

McArdle and the state defendants have each filed motions for summary judgment on the merits.[1] Zavala did not file opposition materials by his December 10, 2018 deadline. Instead, he filed a letter saying he would be not able to file responses by the deadline, Dkt. 102, a motion for extension of time, Dkt. 101, a renewed motion for the court's assistance in recruiting him counsel, Dkt. 96, and a motion to dismiss defendants McArdle and Waterman because he believes that they have perjured themselves, Dkt. 104. I will consider his motion to dismiss to be one for entry of judgment against those defendants as a sanction.

Zavala says that his arm and shoulder—presumably on the side he writes with—have been in pain since he received his flu shot, that he has limited legal library access, that he does not know how to respond to the summary judgment motions, and that he cannot afford legal materials. I will grant him an extension of time to submit his summary judgment materials: the new deadlines are set forth on the order below. But I will not reconsider my previous decisions denying his motions for the court's assistance in recruiting counsel. Zavala has proven capable of filing understandable and reasoned motions throughout the case, so he should be able to set out his version of events in his summary judgment opposition materials. Without seeing exactly

---

[1] McArdle field a motion to stay the dispositive motions deadline pending resolution of her exhaustion motion. Dkt. 66. I will deny that motion as moot.

4

what facts the parties are disputing, I cannot determine whether the case truly involves issues too complex for Zavala to handle himself. I will direct the clerk of court to send him another copy of the court's pretrial conference order that explains how to prepare proposed findings of fact and responses to defendants' proposed findings.

I will deny Zavala's motion for entry of judgment because he has not provided enough evidence to prove that such an extreme sanction is appropriate. The court ordinarily assesses the parties' versions of events at the summary judgment stage, but Zavala has not submitted a full response to either of the substantive summary judgment motions, so I cannot tell what material facts the parties are disputing, or whether defendants' versions are actually inconsistent. He is free to renew his motion along with his summary judgment opposition, but he should be aware that findings of perjury are rare: inconsistences in testimony are often a result of fallible human memory or other mistakes, not perjury.

ORDER

IT IS ORDERED that:

1. Plaintiff Jimmy Zavala's motions to supplement or amend his complaint to add new claims, Dkt. 69 and Dkt. 98, are DENIED.

2. Defendant Sandra McArdle may have until January 9, 2019, to respond to plaintiff's motion to add the Wisconsin Injured Patients and Families Compensation Fund as a defendant, Dkt. 94.

3. Defendant McArdle's motion for summary judgment on exhaustion grounds, Dkt. 58, is DENIED.

4. Defendant McArdle's motion to stay the dispositive motions deadline pending resolution of her exhaustion motion, Dkt. 66, is DENIED as moot.

5. Plaintiff's motion for an extension of time to file his summary judgment opposition materials, Dkt. 101, is GRANTED. Plaintiff may have until January 9, 2019, to

submit his opposition materials. Defendants may have until January 21, 2019, to file their respective replies.

6. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 96, is DENIED without prejudice.

7. The clerk of court is directed to send plaintiff a copy of the court's pretrial conference order, Dkt. 37.

8. Plaintiff's motion for entry of judgment as a sanction, Dkt. 104, is DENIED without prejudice.

Entered December 14, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge