IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JIMMY ZAVALA,

                    Plaintiff,

        v.                                                    ORDER

JOLINDA WATERMAN, DANIEL WINKLESKI,                18-cv-331-jdp
MARK KARTMAN, CARRIE SUTTER,                       Appeal No. 19-1889
BRIAN KOOL, SONYA L. ANDERSON,
SANDRA MCARDLE, and LORI ALSUM,

                    Defendants.

Judgment was entered in this case on April 23, 2019, after I entered an order granting defendants' motions for summary judgment regarding plaintiff Jimmy Zavala's Eighth Amendment claims and declining to continue to exercise supplemental jurisdiction over Zavala's state-law claims. Dkt. 135 and Dkt. 136. Now Zavala has filed a notice of appeal, an associated motion to hear the appeal in state court, and a motion for leave to proceed *in forma pauperis* on appeal. Dkt. 137; Dkt. 138; Dkt. 141.

I will first address Zavala's motion for the appeal to be heard in the Circuit Court for Dane County. Even though the state-level trial court is called a "circuit court," it is part of a separate state-court system that does not hear appeals from the federal courts. This appeal belongs in the Unites States Court of Appeals for the Seventh Circuit. So I will deny his motion.

As for Zavala's motion for leave to proceed *in forma pauperis* with his appeal, a district court has authority to deny such a request for the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is taken in bad faith, or the litigant is a prisoner and has three strikes. 28 U.S.C. § 1915(a)(1), (3) and (g); Fed. R. App. P. 24(a)(3); *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998).

After considering Zavala's request and supporting documentation, I conclude that Zavala has established his indigence. Further, Zavala does not have three strikes against him and I do not intend to certify that his appeal is taken in bad faith. Therefore, I conclude that Zavala is eligible to proceed *in forma pauperis*.

Under 28 U.S.C. § 1915(b)(1)–(2), indigent inmates are required to pay the full amount of the $505 docketing fee for a notice of appeal in increments, starting with an initial partial payment. Based on Zavala's inmate trust fund account statement, Zavala is able to make an initial partial payment of $10.21, which will be due no later than June 7, 2019. Thereafter, Zavala must pay the remainder of the $505 appellate docketing fee for each case in monthly installments in accordance with 28 U.S.C. § 1915(b)(2).

If the balance in Zavala's regular account is not sufficient to make the initial partial appeal payment, arrangements will have to be made by Zavala with prison authorities to pay some or all of the fee from his release account. The only amount Zavala must pay at this time is the $10.21 initial partial payment.

ORDER

IT IS ORDERED that:

1. Plaintiff Jimmy Zavala's motion to have his appeal heard in state court, Dkt. 138, is DENIED.

2. Plaintiff's request for leave to proceed *in forma pauperis* on appeal, Dkt. 141, is GRANTED. The court certifies that plaintiff's notice of appeal is not taken in bad faith for purposes of Fed. R. App. P. 24(a)(3).

3. Plaintiff may have until June 7, 2019, in which to submit a check or money order made payable to the clerk of court in the amount of $10.21. If by June 7, plaintiff fails to pay the initial partial appeal payment, or show cause for failure to do so, then I will advise the court of appeals of plaintiff's noncompliance in paying the

assessment so that it may take whatever steps it deems appropriate with respect to this appeal.

4. The clerk of court is requested to ensure that the court's financial records reflect plaintiff's obligation to pay the $10.21 initial partial payment and the $505 appeal fee for this case.

Entered May 20, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge